# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DITECH FINANCIAL LLC<br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>ANTELOPE HOMEOWNERS' ASSOCIATION and<br>LEODEGARIO D. SALVADOR,<br><br>Defendants. | Case No. 2:17-cv-02029-RFB-NJK<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court are Plaintiff Federal National Mortgage Association and Ditech Financial LLC's Motion for Summary Judgment, and Defendant Antelope Homeowners' Association's Motion for Summary Judgment. ECF Nos. 73, 85. For the following reasons, the Court grants Plaintiffs' Motion.

## II. PROCEDURAL BACKGROUND

Plaintiffs Federal National Mortgage Association ("Fannie Mae") and Ditech Financial LLC ("Ditech") sued Defendants Antelope Homeowners' Association (the "HOA") and Leodegario D. Salvador dba GDS Financial ("Salvador") on July 26, 2017. ECF No. 1. Fannie Mae and Ditech seek declaratory relief that a nonjudicial foreclosure sale conducted in 2012 under Chapter 116 of the Nevada Revised Statutes ("NRS") did not extinguish Fannie Mae's interest in a Las Vegas property. Id. To obtain the relief, Plaintiffs asserts five claims in the Complaint: (1) declaratory relief under 12 U.S.C. § 4617(j)(3) against Salvador; (2) quiet title under 12 U.S.C.

§ 4617(j)(3) against Salvador; (3) declaratory relief under the Fifth and the Fourteenth Amendments to the United States Constitution against all Defendants; (4) quiet title under the Fifth and the Fourteenth Amendments to the United States Constitution against Salvador; and (5) a declaratory judgment against all Defendants. Id. Salvador answered the complaint on August 8, 2017. ECF No. 12. On March 23, 2018, the Court stayed the case and denied all pending motions without prejudice. ECF No. 69. On August 23, 2018 the Court lifted the stay. ECF No. 71.

Plaintiffs and the HOA both now move for summary judgment. ECF Nos. 73, 85. Both motions have been fully briefed. ECF Nos. 90, 91, 93, 94.

### III. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts.[1]

#### a. Undisputed facts

This matter concerns a nonjudicial foreclosure on a property located at 7852 Pronghorn Court, Las Vegas, Nevada 89149 (the "property"). The property sits in a community governed by the HOA. The HOA requires the community members to pay community dues.

Nonparty Jeremy J. Putinta borrowed funds from Countrywide Home Loans, Inc. to purchase the property in 2007. To obtain the loan, Putinta executed a promissory note and a corresponding deed of trust to secure repayment of the note. The deed of trust, which lists Putinta as the borrower, Countrywide Home Loans, Inc. as the lender, and Mortgage Electronic Registration Systems, Inc., (MERS) as the beneficiary, was recorded on April 26, 2007. MERS assigned the deed of trust to nonparty Bank of America, N.A. (BANA) in August 2012. BANA then assigned the deed of trust to Ditech on or about April 30, 2013.

///

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure as well as Fannie Mae's Single-Family Servicing Guide. Fed. R. Evid. 201 (b), (d); Berezovsky v. Moniz, 869 F.3d 923, 932–33 (9th Cir. 2017) (judicially noticing the Guide); Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

Putinta fell behind on HOA payments. From July 2011 through August 2012 the HOA recorded two separate notices of delinquent assessment liens concerning past-due assessments, followed by a subsequently recorded notice of default and election to sell and then a notice of foreclosure sale. On September 26, 2012, the HOA held a foreclosure sale on the property under NRS Chapter 116. Salvador purchased the property at the foreclosure sale. A foreclosure deed in favor of Salvador was recorded on October 2, 2012.

However, Federal National Mortgage Association ("Fannie Mae") previously purchased the note and the deed of trust in May 2007. While its interest was never recorded under its name, Fannie Mae continued to maintain its ownership of the note and the deed of trust at the time of the foreclosure. BANA serviced the note and was listed as the beneficiary of the deed of trust, on behalf of Fannie Mae, at the time of the foreclosure. Ditech now services the note for Fannie Mae.

The relationship between Fannie Mae and its servicers is governed by Fannie Mae's Single-Family Servicing Guide ("the Guide"). The Guide provides that servicers may act as record beneficiaries for deeds of trust owned by Fannie Mae. It also requires that servicers assign the deeds of trust to Fannie Mae on Fannie Mae's demand. The Guide states:

> The servicer ordinarily appears in the land records as the mortgagee to facilitate performance of the servicer's contractual responsibilities, including (but not limited to) the receipt of legal notices that may impact Fannie Mae's lien, such as notices of foreclosure, tax, and other liens. However, Fannie Mae may take any and all action with respect to the mortgage loan it deems necessary to protect its ... ownership of the mortgage loan, including recordation of a mortgage assignment, or its legal equivalent, from the servicer to Fannie Mae or its designee. In the event that Fannie Mae determines it necessary to record such an instrument, the servicer must assist Fannie Mae by [ ] preparing and recording any required documentation, such as mortgage assignments, powers of attorney, or affidavits; and [by] providing recordation information for the affected mortgage loans.

The Guide also allows for a temporary transfer of possession of the note when necessary for servicing activities, including "whenever the servicer, acting in its own name, represents the

- 3 -

interests of Fannie Mae in ... legal proceedings." The temporary transfer is automatic and occurs at the commencement of the servicer's representation of Fannie Mae. The Guide also includes a chapter regarding how servicers should manage litigation on behalf of Fannie Mae. But the Guide clarifies that "Fannie Mae is at all times the owner of the mortgage note[.]" Finally, under the Guide, the servicer must "maintain in the individual mortgage loan file all documents and system records that preserve Fannie Mae's ownership interest in the mortgage loan."

Finally, the Guide "permits the servicer that has Fannie Mae's [limited power of attorney] to execute certain types of legal documents on Fannie Mae's behalf." The legal documents include full or partial releases or discharges of a mortgage; requests to a trustee for a full or partial reconveyance or discharge of a deed of trust, modification or extensions of a mortgage or deed of trust; subordination of the lien of a mortgage or deed of trust, conveyances of a property to certain entities; and assignments or endorsements of mortgages, deeds of trust, or promissory notes to certain entities.

In 2008, Congress passed the Housing and Economic Recovery Act ("HERA"), 12 U.S.C. § 4511 *et seq.*, which established the Federal Housing Finance Agency ("FHFA"). HERA gave FHFA the authority to oversee the government-sponsored enterprises Fannie Mae and Freddie Mac (collectively, the "Enterprises"). In accordance with its authority, FHFA placed the Enterprises, including Fannie Mae, under its conservatorship in 2008. Neither FHFA nor Fannie Mae consented to the foreclosure extinguishing Fannie Mae's interest in the property in this matter.

### b. Disputed Facts

The facts in this matter are mostly undisputed. The parties instead dispute whether Fannie Mae acquired an interest in the property under Nevada law.

## IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V. DISCUSSION

The Federal Foreclosure Bar, 46 U.S.C. § 4617(j)(3) resolves this matter.[2] The Ninth Circuit held that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under the FHFA's conservatorship unless the FHFA affirmatively consented to the extinguishment of the interest. Berezovsky v. Moniz, 869 F.3d 923, 927–31 (9th Cir. 2017) (applying the Federal Foreclosure Bar to preempt the nonjudicial foreclosure of a property owned by Freddie Mac).

---

[2] Because the Court finds that the Federal Foreclosure Bar is dispositive in this case, the Court declines to make any findings of fact or to otherwise address arguments regarding tender.

Under Berezovsky, summary judgment based on the Federal Foreclosure Bar is warranted if the evidence establishes that the enterprise had an interest in the property at the time of the foreclosure. Id. at 932–33. A loan servicer may "assert a claim of federal preemption" as Fannie Mae's agent. Saticoy Bay, LLC, Series 2714 Snapdragon v. Flagstar Bank, FSB, 699 F. App'x 658, 659 (9th Cir. 2017). Thus, under the binding Berezovsky decision, the Court finds that the Federal Foreclosure Bar preempts the foreclosure from extinguishing the deed of trust that Fannie Mae acquired in 2003.

Despite Berezovsky, the HOA contends that because Fannie Mae failed to properly record its interest pursuant to NRS 106.210, it did not properly preserve its interest. Salvador contends that because Berezovsky was decided in 2017, it would be unfair and retroactive to apply its holding to a foreclosure sale that occurred in 2012. Salvador also argues that he was a bona fide purchaser. The Court addresses each of these arguments in turn.

The Court first addresses the recordation argument. The HOA argues that Fannie Mae failed to record its interest in the property, listing itself as the record beneficiary under the deed of trust, as required by the Nevada's recording statutes. The case SFR Investments Pool 1, LLC v. Green Tree Servicing, LLC, however, forecloses this argument. 432 P.3d 718 (Nev. 2018) (holding the state recording statutes, prior to the 2011 amendments, do not require an assignment of beneficial interests under a deed of trust to be recorded and failure to record does not prevent an assignee from enforcing its interest later); see also Berezovsky, 869 F.3d at 932 (discussing the interplay of the Federal Foreclosure Bar and NRS 106.210). Because Fannie Mae acquired the loan in 2007, the Nevada recording statutes did not require Fannie Mae to record the assignment of beneficial interests in the deed of trust in its name. SFR Investment Pool 1, 432 P.3d 718. The HOA's recordation argument fails accordingly.

The Court next addresses Salvador's argument that the Federal Foreclosure Bar should not be found to apply retroactively. This argument however is without merit. Berezovsky was not new law. "When a court delivers a ruling interpreting federal law, even if it is unforeseen, the law has not changed, rather the court is explaining what the law always was." Ray v. County of Los Angeles, No. 17-5681, 2019 WL 3953972, at *9 (9th Cir. Aug. 22, 2019). Because such rulings are not changing the law, "[the court's] interpretation must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate the announcement of the rule." Id. (citing Harper v. Va. Dep't of Taxation, 509 U.S. 86, 97 (1993)). Because Berezovsky was an interpretation of existing law, it may apply retroactively, and so the Court rejects Salvador's argument.

The Court also finds that Salvador cannot defeat summary judgment in favor of Ditech and Fannie Mae by asserting the bona fide purchaser doctrine. The Court is again guided by the Berezovsky holding that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under the FHFA's conservatorship; state laws that impliedly conflict with the Federal Foreclosure Bar are preempted. 869 F.3d at 931. Thus, Nevada's bona fide purchaser laws are preempted to the extent the laws would allow for the extinguishment of Fannie Mae's interest without the FHFA's consent.

Finally, the Court addresses the sufficiency of the evidence Fannie Mae submitted to establish its interest. To support its motion for summary judgment, Ditech and Fannie Mae attach printouts from Fannie Mae's electronic database. The printouts are accompanied by a declaration of Graham Babin, Fannie Mae's Assistant Vice President. Babin translates the printouts and identifies the Guide. In doing so, he specifically declares that the records were made throughout

the course of business by persons with knowledge as to the business events. He also specifically identifies the portions of the printouts that detail the date that Fannie Mae acquired the note and the deed of trust and that recount the different entities serving as a servicer.

The Ninth Circuit has allowed FHFA and the federal enterprises, such as Fannie Mae, to prove a property interest with materially identical evidence on multiple occasions. See Berezovsky, 869 F.3d at 932–33 (allowing the Guide, employee declarations, and computer screenshots to establish Freddie Mac's property interest); see also Elmer v. JPMorgan Chase & Co., 707 F.App'x 426, 428–29 (9th Cir. 2017) (unpublished); Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC, 893 F.3d 1136, 1149–50 (9th Cir. 2018). Likewise, and most importantly, the Nevada Supreme Court allowed a federal enterprise under FHFA's conservatorship to prove its property interest with materially identical evidence as recently as 2018. See Nationstar Mortg., LLC v. Guberland LLC-Series 3, 420 P.3d 556 (Nev. 2018) (unpublished) (favorably citing Berezovsky).

The printouts, in conjunction with the Guide, establish that a principal-agency relationship existed between Fannie Mae and BANA, as required in Berezovsky. 869 F.3d at 933. The documents also establish that Fannie Mae purchased the loan in 2007—prior to the foreclosure sale—and has owned it since. Plaintiffs have therefore presented sufficient evidence under Berezovsky to prevail at the summary judgment stage.

Based on the forgoing, the Court grants summary judgment in favor of Plaintiffs and declares that the Federal Foreclosure Bar prevented the foreclosure sale from extinguishing Fannie Mae's interest in the property. The Court finds this holding to be decisive as to all claims in this matter and dismisses all other claims and counterclaims as a result.

/ / /

## VI. CONCLUSION

**IT IS ORDERED** that Plaintiffs Ditech Financial LLC and Federal National Mortgage Association's Motion for Summary Judgment (ECF No. 73) is GRANTED. The Court declares that Defendant Leodegario D. Salvador acquired the property subject to Fannie Mae's deed of trust. The Clerk of the Court is therefore instructed to enter judgment in favor of Plaintiffs Ditech Financial LLC and Federal National Mortgage Association on its quiet title claim.

**IT IS FURTHER ORDERED** that Defendant Antelope Homeowners' Association's Motion for Summary Judgment (ECF No. 85), is DENIED.

**IT IS FURTHER ORDERED** that the lis pendens filed in this case (ECF No. 3) is expunged.

**IT IS FURTHER ORDERED** that the Clerk of Court close this case.

DATED: September 30, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**