**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DITECH FINANCIAL LLC<br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ANTELOPE HOMEOWNERS'<br>ASSOCIATION<br>LEODEGARIO D. SALVADOR<br><br>　　　　　　　　　　Defendants. | Case No. 2:17-cv-02029-RFB-NJK<br><br>**ORDER** |

### I.   INTRODUCTION

Before the Court is Defendant Leodegario D. Salvador's ("Salvador") Motion for Reconsideration. ECF No. 108. For the following reasons, the Court denies the order.

### II.   PROCEDURAL BACKGROUND

Plaintiffs Federal National Mortgage Association ("Fannie Mae") and Ditech Financial LLC ("Ditech") sued Defendants Antelope Homeowners' Association (the "HOA") and Leodegario D. Salvador dba GDS Financial ("Salvador") on July 26, 2017. ECF No. 1. Fannie Mae and Ditech sought declaratory relief that a nonjudicial foreclosure sale conducted in 2012 under Chapter 116 of the Nevada Revised Statutes ("NRS") did not extinguish Fannie Mae's interest in a Las Vegas property. Id. To obtain the relief, Plaintiffs asserted five claims in the

Complaint: (1) declaratory relief under 12 U.S.C. § 4617(j)(3) against Salvador; (2) quiet title under 12 U.S.C. § 4617(j)(3) against Salvador; (3) declaratory relief under the Fifth and the Fourteenth Amendments to the United States Constitution against all Defendants; (4) quiet title under the Fifth and the Fourteenth Amendments to the United States Constitution against Salvador; and (5) a declaratory judgment against all Defendants. Id. Salvador answered the complaint on August 8, 2017. ECF No. 12. On March 23, 2018, the Court stayed the case and denied all pending motions without prejudice. ECF No. 69. On August 23, 2018 the Court lifted the stay. ECF No. 71.

Plaintiffs and the HOA both moved for summary judgment. ECF Nos. 73, 85. On September 30, 2019 this Court entered summary judgment in favor of Plaintiffs and against Defendants on their quiet title claim. ECF No. 106. Defendant Leodegario D. Salvador moved to reconsider the judgment on October 16, 2019. ECF No. 108. Responses were filed. ECF Nos. 111, 112. This written order now follows.

### III.    LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure allows parties to move to alter or amend a judgment within twenty-eight days of entry of the judgment. Fed. R. Civ. P. 59(e). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003). However, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted). A motion for reconsideration "may *not* be used to raise arguments or present evidence

for the first time when they could reasonably have been raised earlier in the litigation." Id. (internal quotation and citation omitted).  Moreover, "[m]otions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1.

### IV. DISCUSSION

Defendant Leodgario D. Salvador desires the Court to reconsider its order dismissing all claims and counterclaims in this matter after determining that the Federal Foreclosure Bar operated to preserve the deed of trust held by Plaintiffs on a Las Vegas property. Defendant, representing himself pro se, specifically argues that  the Court's denial of the cross claims/counterclaims of Salvador should be reconsidered and that the HOA should pay damages to Defendant Salvador. The Court denies Defendant's motion for reconsideration for two reasons. First, Defendant Salvador brought no cross-claims against the HOA. The Court will not reconsider a judgment on claims that were not actually raised in this case. Second, Defendant identifies no clear error, intervening controlling change in the law, or newly discovered evidence that warrants reconsideration of the Court's prior decision. Accordingly, the Court denies the motion.

### V. CONCLUSION

**IT IS ORDERED** that Defendant Leodegario D. Salvador's Motion for Reconsideration (ECF No. 108) is DENIED.

DATED: August 10, 2020



_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**